## KERR V. PALMER.

AGENCY: *Authority to collect money.*

A deposited with B, his son-in-law, a note to collect of C. Some time afterward he sent his son to the neighborhood to attend to other business for him, and instructed him to call on B and get the money he supposed he had collected from C. But B, not being able to collect the money, had given the note to a justice of the peace to sue on, and when the son called on him, he directed him, in the presence of C, to get the note from the justice and get the money from C. C considering that the son had authority to collect, paid him the amount due on the note. Afterwards A, denying his son's authority to collect it, sued C on the note, which had not been delivered up. Held, that from the circumstances, C was justified in believing that the son was authorized to collect, and the payment to him was a good defense.

APPEAL from *Benton* Circuit Court.

Hon. J. H. BERRY, Circuit Judge.

*E. P. Watson*, for appellant:

A special agent can not delegate his power to another. (*Story on Agency*, sec. *12, 13; 1 Parsons on Cont., 82; 1 Daniel Neg. Inst., p. 231.*) The court erred in refusing the second instruction. Appellant never authorized the payment, nor ratified the same to Greenberry Kerr. *Story on Agency, secs. 98, 181, 413.*

*U. M. & G. B. Rose*, for appellee:

The verdict will not be disturbed unless palpably wrong. *31 Ark., 163, 196.*

Kerr v. Palmer.

While an agent can not delegate an authority requiring the exercise of discretion, he can delegate an authority purely ministerial, as to receive money. *35 Ark., 198; Wharton on Agency, sec. 33; Bodine v. Ins. Co., 51 N. Y., 117.*

ENGLISH, C. J.   Toliver Kerr sued William C. Palmer, before a justice of the peace of Benton County, on a note for $35.   The defense was payment; there was a trial by jury, before the justice, and verdict and judgment for defendant; plaintiff appealed to the Circuit Court, where there was a trial *de novo*, with a like result.   Plaintiff was refused a new trial, took a bill of exceptions, and appealed to this court.

The grounds of the motion for a new trial were, that the verdict was not sustained by the evidence, and that the court erred in refusing the second instruction moved for plaintiff.

There is nothing in the first ground.   The testimony as to the payment of the note was conflicting, but if the jury believed the evidence on the part of the defense, which they no doubt did, they were warranted in finding that the note had been paid before the institution of this suit upon it.

The court gave all of the instructions moved for plaintiff except the second, which follows:

AGENCY:
Authority
to    collect
money.

2.   "I charge you that, if you find, from the evidence, that George W. Kerr was the special agent of Toliver Kerr, to collect from William C. Palmer the note sued on, and that he afterwards delegated his authority and power to Greenberry Kerr, to collect the same, which was done without knowledge of Toliver Kerr, and not afterwards by him ratified, and that said Greenberry Kerr went on and collected said note, or the balance due thereon, from defendant, you should find such payment void."

This instruction may be better understood by a statement of some of the prominent features of the evidence.

The note was dated the twenty-second of March, and payable the twenty-fifth of December, 1878. There was evidence conducing to prove that before the maturity of the note, defendant performed work and labor, and pastured horses for plaintiff, for which he charged about $25, and plaintiff, in effect, agreed to credit the amount of his account on the note; and there appears indorsed upon the note a payment of $24.10, as of the fifteenth of December, which was probably intended to cover the defendant's account. It seems to have been the balance due upon the note, which was the subject of controversy on the trial.

There was also evidence conducing to prove that before the maturity of the note, plaintiff, being about to move from Benton County to Clark County, left the note, on the request of defendant, with George W. Kerr, plaintiff's son-in-law, for collection. That after its maturity, defendant failing to pay it, George W. Kerr placed it in the hands of a justice of the peace for suit. That before summons, plaintiff sent his son, Greenberry Kerr, from Clark County to the neighborhood of his former home in Benton County, to attend to business for him. That, in the presence of defendant, George W. Kerr told Greenberry Kerr that he could get the note from the justice of the peace, and settle it with defendant. That afterwards, Greenberry went to defendant with the note, and he paid him $13 in money. This payment, with the $24.10 indorsed on the note, about paid it, to say nothing of a further payment which defendant claimed to have made to Greenberry through one Condry.

The note was not delivered up to defendant, and in September 1879, after the death of Greenberry Kerr, this suit was commenced.

There was other evidence from which the jury might have inferred that Greenberry Kerr had authority from his father, the plaintiff, to receive the money due on the note. He was on a business trip for him, attended to furnishing the numbers of his lands to a deputy assessor for assessment, and had with him and collected a note for $80, due to his father from a witness in the case.

It was decided in *Kellogg & Co. v. Norris, 10 Ark., 18*, that where a note is placed in the hands of an attorney to collect, under a general retainer, he can not delegate his authority to a third person, and authorize him to collect it, and payment by the maker to such third person will not discharge him.

The facts in that case were, that the note was sent to Trapnall & Cocke for collection, and one of them placed it in the hands of Pitcher, a merchant, to whom the maker paid it in bacon, which, of course, was no discharge of the note, as Trapnall & Cocke could not themselves have received bacon, or anything else than money, in payment of the note, without authority from their client.

The decision, however, announces the general rule correctly, that an agent can not delegate his authority to another, unless empowered to do so by his principal.

It is usual, however, for agents to transact the business of their principals by the aid of others in their employ, or under their control. For example, if a note be placed in the hands of an attorney, or a banker, or a merchant, and a clerk is sent out to collect it, it would hardly be doubted but that payment to him would discharge the maker, and that the principal would have to look to his agent for the money.

So it has been held that a valid payment of a premium on his insurance policy may be made to the clerk of the agent of an insurance company. *Bodine et al. v. Exchange Fire Ins. Co., 51 New York, 123.*

So in *Weaver et al. v. Carnall, et al., 35 Ark., 204,* where an agent was authorized to borrow money for and execute the note of his principal, and the principal's name was signed to the note by the partner of the agent, at his request, and in his presence; the note was held to be binding upon the principal. It was said in that case that an agent can not delegate any portion of his power requiring the exercise of discretion; otherwise, however, as to powers or duties merely mechanical in their nature.

Greenberry Kerr, being the son, and attending to business of the plaintiff, and George W. Kerr having told him in the presence of defendant, to get the note and collect it, it was natural for defendant to pay to him money upon it, and it would be unjust for plaintiff to compel him to pay it again.

The plaintiff himself testified that he did not authorize his son to collect the note of defendant, but told him to get the money from George W. Kerr, his son-in-law, thinking he had collected it. As he had not collected it, it was no doubt because of the son's authority to receive it, that he told him to get the note and collect it.

Under the facts in evidence, the court did not err in refusing the second instruction moved for plaintiff.

Affirmed.